**COX, WOOTTON, GRIFFIN,
HANSEN & POULOS, LLP**
Mitchell S. Griffin (SBN 114881)
mgriffin@cwghp.com
190 The Embarcadero
San Francisco, CA 94105
Telephone No.: 415-438-4600
Facsimile No.: 415-438-4601

Attorneys for Plaintiff CMA CGM, S.A.

FILED
2012 OCT 23 P 12: 57
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

CMA CGM, S.A.

    Plaintiff,

v.

WATERFRONT CONTAINER
LEASING COMPANY, INC.

    Defendant.

Case No.: C 12 5467

**COMPLAINT FOR BREACH OF MARITIME CONTRACT, PROMISSORY ESTOPPEL, SPECIFIC PERFORMANCE AND DECLARATORY RELIEF**

Plaintiff CMA CGM, S.A. (hereinafter "CMA CGM") alleges as follows:

## JURISDICTION AND VENUE

1. This is a suit within this Court's admiralty and maritime jurisdiction under 28 U.S.C. § 1333(1), and within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. This Court also has the power to declare the rights and liabilities of the parties as to the matters alleged herein based upon the Federal Declaratory Judgment Act, 28 U.S.C. § 2201.

3. Venue is proper in this District under 28 U.S.C. §1391 (b)(1), because the defendant, WATERFRONT CONTAINER LEASING COMPANY, INC.

-1-
COMPLAINT FOR BREACH OF CONTRACT, ETC.

Case No.

FAXED

1  (hereinafter "Waterfront") is registered with the California Secretary of State
2  as being located in San Francisco, and Waterfront maintains it principal place
3  of business within San Francisco.

## PARTIES

4. Plaintiff CMA CGM is a foreign corporation with its principal place of business in France and is an ocean common carrier of goods by water. As part of its business activities, CMA CGM engages in the leasing and buying and selling of cargo containers, used for ocean carriage of goods.

5. Defendant Waterfront is a California Corporation with its principal place of business located in San Francisco, California. CMA CGM is informed and believes and thereon alleges that Waterfront's primary business activity is the purchase, sale and lease of cargo containers, used for ocean carriage of goods.

## FACTUAL ALLEGATIONS

6. CMA CGM entered into a "Term Lease Agreement," ("the Agreement") with Waterfront, effective May 1, 2007, for the lease of 7,271 cargo containers. A true and correct copy of the Agreement is attached to this Complaint as **EXHIBIT 1**.

7. The Agreement as attached to this Complaint was drafted by Waterfront, placed by Waterfront on its own stationary with its letterhead, and provided by Waterfront to CMA CGM.

8. The Agreement included a provision whereby CMA CGM was given the option to purchase the 7,271 leased containers at the expiration of a five (5) year lease term, at specific prices per container, set out in the Agreement (the "purchase option"). The purchase option, with those specific prices, is found at page 3 of the Agreement, attached as **EXHIBIT 1**.

-2-
COMPLAINT FOR BREACH OF CONTRACT, ETC.

Case No.

9. The purchase option provides that CMA CGM would exercise the option by giving at least 60 days' written notice to Waterfront that CMA CGM elected to exercise the purchase option at the termination of the five (5) year lease term, after which Waterfront would issue an invoice for the sale of the containers to CMA CGM, which invoiced amount would then be paid by CMA CGM, and ownership of the containers would be transferred to CMA CGM.

10. In entering into the Agreement with Waterfront, CMA CGM relied upon its right to purchase the containers from Waterfront pursuant to the purchase option.

11. The total purchase option price for the 7,271 containers, calculated at the per container prices set out in the purchase option in the Agreement, is $7,208,400.

12. CMA CGM and Waterfront operated under the Agreement from 2007 to 2012, with CMA CGM using the 7,271 containers, and paying to Waterfront, and Waterfront accepting, lease payments from CMA CGM.

13. On or about January 30, 2012, CMA CGM gave written notice to Waterfront, exercising the purchase option, notifying Waterfront that it would purchase all of the containers. Under the Agreement, the sale of the containers to CMA CGM would occur as of May 1, 2012; at the termination of the five (5) year lease term.

14. On or about January 31, 2012, Waterfront sent a letter to CMA CGM, refusing to honor the purchase option, citing an alleged contractual provision that does not appear anywhere in the Agreement, and claiming that this provision "negated" CMA CGM's purchase option.

15. Despite CMA CGM's subsequent demands that Waterfront issue the invoice and sell the containers to CMA CGM pursuant to the purchase option,

-3-
COMPLAINT FOR BREACH OF CONTRACT, ETC.

Case No.

1 Waterfront failed and refused to do so. Waterfront instead demanded that CMA CGM return all of the 7,271 containers, leased under the agreement and subject to sale under the purchase option.

16. The market value of the 7,271 containers was, on and about May 1, 2012, significantly greater than the $7,208,400 purchase option price. Additionally, on and about May 1, 2012, there was significant demand for the types of containers leased under the Agreement, providing to the owner of the containers a ready market for sale of the containers at prevailing market values.

17. As a result of Waterfront's failure and refusal to honor the purchase option and sell the containers to CMA CGM, CMA CGM was deprived of the profit that it would have obtained by selling the containers at prevailing market values.

18. As a further result of Waterfront's failure and refusal to honor the purchase option, and its demand that CMA CGM instead return the containers to Waterfront, CMA CGM has incurred significant costs related to the return of the containers to Waterfront.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

19. CMA CGM realleges and incorporates by this reference paragraphs 1 - 18 above.

20. For good and valuable consideration, CMA CGM entered into the Agreement with Waterfront, under which CMA CGM had the right to purchase the containers from Waterfront, pursuant to the purchase option.

21. CMA CGM fulfilled all of its duties and obligations under the Agreement, required for CMA CGM to exercise the purchase option, and CMA CGM did, in fact, exercise the purchase option.

22. In breach of the Agreement and the purchase option, Waterfront failed and refused to issue an invoice to CMA CGM for the purchase of the containers, and failed and refused to sell the containers to CMA CGM for the purchase option price, or at all.

23. As a direct result of Waterfront's breach of the Agreement and the purchase option, CMA CGM has suffered damages, according to proof, including but not limited to the difference between the purchase option price and the market value of the containers on and about May 1, 2012. CMA CGM alleges on information and belief that such damages are in excess of $4,300,000. CMA CGM has also incurred significant costs, according to proof, related to the return of the containers to Waterfront.

WHEREFORE, CMA CGM prays for judgment as set out below.

## SECOND CAUSE OF ACTION
**(Promissory Estoppel)**

24. CMA CGM realleges and incorporates by this reference paragraphs 1 - 23 above.

25. In the Agreement, Waterfront promised to sell the containers to CMA CGM at specific prices, under the purchase option, upon CMA CGM exercising the purchase option.

26. In entering into the agreement, CMA CGM reasonably and foreseeably relied upon its ability to purchase the containers pursuant to the purchase option, as promised by Waterfront.

27. CMA CGM exercised the purchase option, but Waterfront breached its promise to sell the containers to CMA CGM, and failed and refused to sell the containers under the purchase option, or at all.

28. As a direct result of Waterfront's breach of its promise, CMA CGM has suffered damages, according to proof, including but not limited to the

-5-  Case No.
COMPLAINT FOR BREACH OF CONTRACT, ETC.

difference between the purchase option price and the market value of the containers on and about May 1, 2012. CMA CGM alleges on information and belief that such damages are in excess of $4,300,000. CMA CGM has also incurred significant costs, according to proof, related to the return of the containers to Waterfront.

WHEREFORE, CMA CGM prays for judgment as set out below.

### THIRD CAUSE OF ACTION
### (Specific Performance)

29. CMA CGM realleges and incorporates by this reference paragraphs 1 – 28 above.

30. CMA CGM is informed and believes, and thereon alleges, that money damages may not be an adequate remedy because the market value of the containers may increase over time and, had Waterfront sold the containers to CMA CGM, as agreed, CMA CGM would have the ability to retain the containers and resell them at whatever time proves to be the most economically advantageous.

31. CMA CGM is further informed and believes, and thereon alleges, that money damages may not be an adequate remedy because CMA CGM may have determined, once it became the owner of the containers, to retain the containers for CMA CGM's own use, with that use being the highest and best use of the containers from CMA CGM's economic standpoint.

32. As a direct result of Waterfront's breach of the Agreement and the purchase option, CMA CGM has been deprived of both the opportunity to hold the containers until market conditions are the most advantageous and to retain the containers for CMA CGM's own use.

33. CMA CGM is informed and believes, and thereon alleges that the only adequate remedy for these lost opportunities is an order directing specific

-6-
COMPLAINT FOR BREACH OF CONTRACT, ETC.

Case No.

performance by Waterfront of the purchase option, requiring Waterfront to sell the containers to CMA CGM at the purchase option price.

WHEREFORE, CMA CGM prays for judgment as set out below.

## FOURTH CAUSE OF ACTION
### (Declaratory Relief)

34. CMA CGM realleges and incorporates by this reference paragraphs 1 - 33 above.

35. The rights and liabilities of the parties are governed by the terms of the Agreement.

36. An actual controversy now exists between CMA CGM on the one hand and the Waterfront on the other, related to the rights of the parties under the Agreement, as set out above.

37. A declaration of the rights and liabilities of the parties is necessary at this time as the ownership of the containers, to which CMA CGM contends it is entitled, remains with Waterfront, despite CMA CGM's exercise of the purchase option.

## PRAYER

WHEREFORE, CMA CGM prays for judgment against Waterfront as hereinafter set forth below:

1. On the First Cause of Action, for damages according to proof ;

2. On the Second Cause of Action for damages according to proof;

3. On the Third Cause of Action, for an order of specific performance of the purchase option, directing Waterfront to immediately sell the containers to CMA CGM at the purchase option price;

4. On the Fourth Cause of Action for a declaration of the rights and liabilities of the parties with respect to CMA CGM's right to

-7-

COMPLAINT FOR BREACH OF CONTRACT, ETC.

Case No.

purchase the containers under the purchase option;

5. On all causes of action for attorneys fees and costs;

6. On all causes of action for prejudgment interest on all sums that shall be adjudged to be owed; and

7. On all causes of action for such other and further relief as may be appropriate.

Dated: October 23, 2012

COX, WOOTTON, GRIFFIN,
HANSEN & POULOS, LLP
Attorneys for Plaintiff CMA CGM, S.A.

By: _____
Mitchell S. Griffin

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP
190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL: 415-438-4600
FAX: 415-438-4601

-8-
COMPLAINT FOR BREACH OF CONTRACT, ETC.

Case No.